UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARDEA, JR.,<br><br>                     Petitioner,<br>v.<br><br>FIDENCIO GUZMAN, Warden,<br><br>                     Respondent. | Case No.: 25-cv-2315-CAB-JLB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[Doc. No. 3]** |

On August 11, 2025, Raul Gardea Jr. ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Central District of California, challenging a prison disciplinary ruling incurred during his incarceration at Centinela State Prison. [Doc. No. 1.] Petitioner also filed a motion to proceed in forma pauperis. [Doc. No. 3.] The case was transferred to this district. [Doc. Nos. 5–6.] Upon review, and for the reasons discussed below, the Court **DENIES** the motion to proceed in forma pauperis and **DISMISSES** the case without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a motion to proceed in forma pauperis, [*see* Doc. No. 3], together with a trust account statement which reflects a $163.49 balance in his prison trust account at the California correctional institution in which he is presently confined. [*Id.* at 2–3, 5.]

The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). Because it appears Petitioner can pay the $5.00 filing fee, Petitioner's motion to proceed in forma pauperis is **DENIED**.

This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019). The instant case is therefore subject to dismissal because Petitioner has failed to satisfy the filing fee requirement.

### **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Here, while Petitioner indicates that the instant Petition concerns both "a conviction and/or sentence" and "prison discipline," he indicates his challenge is to a disciplinary ruling arising from RVR #7314118 in which he was found guilty of possession of alcohol and was assessed a loss of custody credits, 90 days loss of privileges and loss of 4 years of disciplinary free time. [Doc. No. 1 at 2, 43–54.] As such, Petitioner is attempting to challenge a prison disciplinary proceeding involving a loss of custody credits. Such a challenge could conceivably fall within habeas review if it were to result in immediate or earlier release from custody, but "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of

time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) (citing *Muhammad v. Close,* 540 U.S. 749, 754–55 (2004)).  Petitioner does not allege that his requested relief, if granted, would result in his earlier or immediate release from imprisonment, and the records submitted with the instant Petition reflect that Petitioner is serving a sentence of 35 years to life. [*See* Doc. No. 1 at 24.]  Moreover, to the extent Petitioner's challenge is solely to the loss of privileges and loss of disciplinary free time,[1] any such challenge is plainly "to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499.

Thus, in either event, Petitioner's claims do not appear cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *see also Nettles*, 830 F.3d at 935.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis, [Doc. No. 3], and **DISMISSES** the case without prejudice.  If Petitioner wishes to reopen and proceed with this habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **December 29, 2025**, a copy of this Order along with **BOTH:** (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.  If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.  The Clerk of Court is directed to send Petitioner

---

[1] Petitioner only specifically lists the loss of privileges and loss of disciplinary free time as the subject of his challenge, [Doc. No. 1 at 2], but the exhibits attached to the Petition reflect that this disciplinary ruling also resulted in a 120-day loss of custody credits.  [*Id.* at 43–54.]

1  a blank 28 U.S.C. § 2254 Amended Habeas Petition form and in forma pauperis application
2  and a blank 42 U.S.C. § 1983 Civil Rights Complaint form and in forma pauperis
3  application together with a copy of this Order.
4     **IT IS SO ORDERED.**

6  Dated: October 28, 2025

                                             Hon. Cathy Ann Bencivengo
                                             United States District Judge